# Supreme Court of Florida

---

No. SC21-891

---

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.992.**

March 24, 2022
**<u>CORRECTED OPINION</u>**

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to Florida Rule of Criminal Procedure 3.992. We have jurisdiction. *See* art. V, § 2(a), Fla. Const. The Criminal Court Steering Committee (CCSC) filed a report proposing amendments to rule 3.992 (Criminal Punishment Code Scoresheets). The CCSC's report was in response to a referral from the Court to propose amendments to the rule in accordance with the Court's recent decision in *State v. Gabriel*, 314 So. 3d 1243, 1252 (Fla. 2021) (concluding that "under section 921.0024(2), the LPS [lowest permissible sentence] is an individual minimum sentence where there are multiple convictions subject to sentencing on a single

scoresheet").  The CCSC and the Court previously published the proposal for comment.  The CCSC submitted an amended report, which was published by the Court and received one comment.

Having considered the amended proposal, the comment, and the Committee's response, the Court hereby amends rule 3.992 with additional modifications to the amended proposal.  Specifically, under the sentence computation heading, in the third box, additional language is added to explain that the lowest permissible sentence is imposed if it is higher than the statutory maximum for an individual felony offense pursuant to *Gabriel*, and a detailed calculation is added to explain how to total the maximum sentence for each felony offense before the court for sentencing.

The CCSC's amended proposal does not fully resolve the concerns identified by this Court in *Gabriel*.  In *Gabriel*, on the single line titled "maximum sentence in years," the trial judge entered "25 years," the collective statutory maximum for the three offenses before the court for sentencing.  314 So. 3d at 1251 n.6.  As noted by this Court in *Gabriel*, this single line suggested one collective maximum sentence when there were multiple convictions subject to sentencing.  Further, the language in the third box

stating that "[t]he maximum sentence is up to the statutory maximum for the primary and any additional offenses as provided in s. 775.082, F.S., unless the lowest permissible sentence (LPS) under the Code exceeds the statutory maximum" created ambiguity regarding the trial court's individual consideration of each offense's statutory maximum sentence for purposes of determining whether it was exceeded by the LPS. The CCSC's response suggests that the purpose of the single line titled "maximum sentence in years" in the third box under the sentence computation heading is to assist the trial court in accurately advising a defendant of the maximum prison exposure prior to entering a plea. We believe that the amendments reflected in appendix A to this opinion clarify the calculation for determining a defendant's total maximum sentence when there are multiple offenses before the court for sentencing. For purposes of illustrating its use, we applied the amendments to rule 3.992 to Gabriel's case in appendix B to this opinion.

Accordingly, we amend Florida Rule of Criminal Procedure 3.992 as reflected in appendix A to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments to the rule shall become effective

- 3 -

immediately. Because the amendments were significantly altered from the version that was previously published for comment, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[1]

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

---

1. All comments must be filed with the Court on or before June 7, 2022, with a certificate of service verifying that a copy has been served on the Committee Chair, Honorable Debra J. Riva, Twelfth Judicial Circuit, P.O. Box 48927, Sarasota, Florida 34230-5927, driva@jud12.flcourts.org, and on the OSCA Staff Liaison to the Committee, Bart Schneider, 500 S. Duval Street, Tallahassee, Florida 32399, schneidb@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until June 28, 2022, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

Original Proceeding – Florida Rules of Criminal Procedure

Judge Debra J. Riva, Chair, Criminal Court Steering Committee, Sarasota, Florida, and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

 for Petitioner

Hon. Carlos J. Martinez and Maria E. Lauredo on behalf of the Florida Public Defender Association, Inc., Miami, Florida,

 Responding with comments

# APPENDIX A

## Rule 3.992(a) Criminal Punishment Code Scoresheet
The Criminal Punishment Code Scoresheet Preparation Manual is available at: *http://www.dc.state.fl.us/pub/sen_cpcm/index.html*

| 1. DATE OF SENTENCE | 2. PREPARER'S NAME | | 3. COUNTY | 4. SENTENCING JUDGE | |
|---|---|---|---|---|---|
| 5. NAME (LAST, FIRST, MI.I.) | | 6. DOB | 8. RACE ☐B ☐W ☐OTHER | 10. PRIMARY OFF. DATE | 12. PLEA ☐ |
| | | 7. DC # | 9. GENDER ☐M ☐F | 11. PRIMARY DOCKET # | TRIAL ☐ |

I. **PRIMARY OFFENSE:** If Qualifier, please check ____A ____S ____C ____R (A=Attempt, S=Solicitation, C=Conspiracy, R=Reclassification)

FELONY DEGREE     F.S.#     DESCRIPTION     OFFENSE LEVEL     **POINTS**

_____/ _____/ _____/ _____/

(Level - Points: 1=4, 2=10, 3=16, 4=22, 5=28, 6=36, 7=56, 8=74, 9=92, 10=116)

Prior capital felony triples Primary Offense points ☐     **I.** _____

II. **ADDITIONAL OFFENSE(S):** Supplemental page attached ☐

| DOCKET# | FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| _____/ | _____/ | _____/ | _____ | ☐☐☐☐_____ | x _____ | = | _____ |
| DESCRIPTION _____ | | | | | | | |
| _____/ | _____/ | _____/ | _____ | ☐☐☐☐_____ | X _____ | = | _____ |
| DESCRIPTION _____ | | | | | | | |
| _____/ | _____/ | _____/ | _____ | ☐☐☐☐_____ | X _____ | = | _____ |
| DESCRIPTION_____ | | | | | | | |
| _____/ | _____/ | _____/ | _____ | ☐☐☐☐_____ | x _____ | = | _____ |
| DESCRIPTION _____ | | | | | | | |

(Level - Points: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.6, 5=5.4, 6=18, 7=28, 8=37, 9=46, 10=58)

Prior capital felony triples Additional Offense points ☐     Supplemental page points_____

**II.** _____

III. **VICTIM INJURY:**

| | | Number | Total | | | Number | Total |
|---|---|---|---|---|---|---|---|
| 2nd Degree Murder | 240 x | _____ | = _____ | Slight | 4 x | _____ | = _____ |
| Death | 120 x | _____ | = _____ | Sex Penetration | 80 x | _____ | = _____ |
| Severe | 40 x | _____ | = _____ | Sex Contact | 40 x | _____ | = _____ |
| Moderate | 18 x | _____ | = _____ | | | | |

**III.** _____

IV. **PRIOR RECORD:** Supplemental page attached ☐

| FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY: A S C R | DESCRIPTION | NUMBER | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | X _____ | = | ____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | X _____ | = | ____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | X _____ | = | ____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | X _____ | = | ____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | X _____ | = | ____ |
| _____ | _____/ | _____ | ☐☐☐☐ | _____ | X _____ | = | ____ |

_____ _____/_____ ☐☐☐☐ _____ _____ X _____ = _____
_____ _____/_____ ☐☐☐☐ _____ _____ X _____ = _____
_____ _____/_____ ☐☐☐☐ _____ _____ X _____ = _____

(Level = Points: M=0.2, 1=0.5, 2=0.8, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=29)

Supplemental page points _____

**IV.** _____

**Page 1 Subtotal: _____**

Effective Date:  For offenses committed under the Criminal Punishment Code effective for offenses committee on or after October 1, 1998 and subsequent revisions.

| NAME (LAST, FIRST, MI) | DOCKET # |
|---|---|
|  |  |

**Page 1 Subtotal:**

_____

V.    Legal Status violation = 4 Points
☐ Escape  ☐ Fleeing  ☐ Failure to appear  ☐ Supersedeas bond  ☐ Incarceration  ☐ Pretrial intervention or diversion program
☐ Court imposed or post prison release community supervision resulting in a conviction                          **V. _____**

VI.   Community Sanction violation before the court for sentencing
☐ Probation  ☐ Community Control  ☐ Pretrial Intervention or diversion                                        **VI. _____**

☐        6 points for any violation other than new felony conviction  x _____ each successive violation  OR
☐        New felony conviction = 12 points x _____ each successive violation if new offense results in conviction
         before or at same time as sentence for violation of probation OR
☐        12 points x _____ each successive violation for a violent felony offender
         of special concern when the violation is not based solely on failure to pay costs, fines, or restitution OR
☐        New felony conviction = 24 points x _____ each successive violation for a violent felony offender of
         special concern if new offense results in a conviction before or at the same time for violation of probation

VII.  Firearm/Semi-Automatic or Machine Gun = 18 or 25 Points                                                  **VII. _____**
VIII. Prior Serious Felony - 30 Points                                                                        **VIII. _____**

Subtotal Sentence Points _____

IX.   Enhancements (only if the primary offense qualifies for enhancement)

| Law Enf. Protect. | Drug Trafficker | Motor Vehicle Theft | Criminal Gang Offense | Domestic Violence in the Presence of Related Child (offenses committed on or after 3/12/07) | Adult-on-Minor Sex Offense (offenses committed on or after 10/1/14) |
|---|---|---|---|---|---|
| ___x 1.5 ___ x 2.0 ___ x 2.5 | ____ x 1.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 | ___x 2.0 |

Enhanced Subtotal Sentence Points       **IX. _____**

**TOTAL SENTENCE POINTS** _____

## SENTENCE COMPUTATION

If total sentence points are less than or equal to 44, the lowest permissible sentence is any non-state prison sanction.  If the total sentence points are 22 points or less, see Section 775.082(10), Florida Statutes, to determine if the court must sentence the offender to a non-state prison sanction.

If total sentence points are greater than 44:

_____ minus 28 = _____ x .75 =_____
         total sentence points                                     lowest permissible prison sentence in months

If total sentence points are 60 points or less and court makes findings pursuant to both Florida Statute 948.20 and 397.334(3),
the court may place the defendant into a treatment-based drug court program.

The maximum sentence ~~for each individual felony offense~~ is ~~up to~~ the statutory maximum ~~for the primary and any additional offenses~~ as provided in s. 775.082, F.S., unless the lowest permissible sentence ~~under the Code~~ listed above exceeds the statutory maximum for that offense. If the lowest permissible sentence exceeds the statutory maximum for an individual felony offense, the lowest permissible sentence replaces the statutory maximum and must be imposed for that offense. *See State v. Gabriel*, 314 So. 3d 1243 (Fla. 2021). ~~Such s~~Sentences for multiple felony offenses may be imposed concurrently or consecutively. If total sentence points are greater than or equal to 363, a life sentence may be imposed.

Primary offense: _____
  Description                                                          Maximum sentence in years

Additional offense: _____
  Description                                                          Maximum sentence in years

Additional offense: _____
  Description                                                          Maximum sentence in years

Additional offense: _____
  Description                                                          Maximum sentence in years

 Total maximum sentence in years for all counts above if consecutive sentences imposed: _____

**TOTAL SENTENCE IMPOSED**

|  | | | Years | Months | Days |
|---|---|---|---|---|---|
| ☐ State Prison | ☐ | Life | _____ | _____ | _____ |
| ☐ County Jail | ☐ | Time Served | _____ | _____ | _____ |
| ☐ Community Control | | | _____ | _____ | _____ |
| ☐ Probation | ☐ | Modified | _____ | _____ | _____ |

Please check if sentenced as ☐ habitual offender, ☐habitual violent offender, ☐ violent career criminal, ☐ prison releasee reoffender,

 or a ☐ mandatory minimum applies.

☐ Mitigated Departure    ☐ Plea Bargain    ☐ Prison Diversion Program

Other Reason _____

| **JUDGE'S SIGNATURE** | |
|---|---|

Effective Date: For offenses committed under the Criminal Punishment Code effective for offenses committed on or after October 1, 1998, and subsequent revisions.

**3.992(b) Supplemental Criminal Punishment Code Scoresheet**

| NAME (LAST, FIRST, MI.I) | DOCKET # | DATE OF SENTENCE |
|---|---|---|
| | | |

II. **ADDITIONAL OFFENSES(S):**

| DOCKET# | FEL/MM DEGREE | F.S# | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____= | _____ |
| DESCRIPTION _____ | | | | | | | | |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____= | _____ |
| DESCRIPTION _____ | | | | | | | | |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____= | _____ |
| DESCRIPTION _____ | | | | | | | | |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____= | _____ |
| DESCRIPTION _____ | | | | | | | | |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x | _____= | _____ |

DESCRIPTION _____

(Level - Points: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.6, 5=5.4, 6=18, 7=28, 8=37, 9=46, 10=58)

II. _____

## IV. **PRIOR RECORD**

| FEL/MM TOTAL DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY: A  S  C  R | OFFENSE/DATE/STATE | NUMBER | | POINTS |
|---|---|---|---|---|---|---|---|
| _____ | _____/_____ | | ☐ ☐ ☐ ☐ | _____/_____/_____ | _____ X | _____ = | _____ |
| _____ | _____/_____ | | ☐ ☐ ☐ ☐ | _____/_____/_____ | _____ X | _____ = | _____ |
| _____ | _____/_____ | | ☐ ☐ ☐ ☐ | _____/_____/_____ | _____ X | _____ = | _____ |
| _____ | _____/_____ | | ☐ ☐ ☐ ☐ | _____/_____/_____ | _____ X | _____ = | _____ |
| _____ | _____/_____ | | ☐ ☐ ☐ ☐ | _____/_____/_____ | _____ X | _____ = | _____ |
| _____ | _____/_____ | | ☐ ☐ ☐ ☐ | _____/_____/_____ | _____ X | _____ = | _____ |

(Level = Points: M=0.2, 1=0.5, 2=0.8, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=29)

IV. _____

## REASONS FOR DEPARTURE - MITIGATING CIRCUMSTANCES
### (reasons may be checked here or written on the scoresheet)

☐ Legitimate, uncoerced plea bargain.

☐ The defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct.

☐ The capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired.

☐ The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction, or for a physical disability, and the defendant is
amenable to treatment.

☐ The need for payment of restitution to the victim outweighs the need for a prison sentence.

☐ The victim was an initiator, willing participant, aggressor, or provoker of the incident.

☐ The defendant acted under extreme duress or under the domination of another person.

☐ Before the identity of the defendant was determined, the victim was substantially compensated.

☐ The defendant cooperated with the State to resolve the current offense or any other offense.

☐ The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.

☐ At the time of the offense the defendant was too young to appreciate the consequences of the offense.

☐ The defendant is to be sentenced as a youthful offender.

☐ The defendant is amenable to the services of a postadjudicatory treatment-based drug court program and is otherwise qualified to participate in the program.

☐ The defendant was making a good faith effort to obtain or provide medical assistance for an individual experiencing a drug-related overdose.

Pursuant to 921.0026(3) the defendant's substance abuse or addiction does not justify a downward departure from the lowest permissible sentence, except for the provisions of s. 921.0026(2)(m).

Effective Date: For offenses committed under the Criminal Punishment Code effective for offenses committee on or after October 1, 1998 and subsequent revisions.

- 9 -

# APPENDIX B

The maximum sentence for each individual felony offense is the statutory maximum as provided in s. 775.082, F.S., unless the lowest permissible sentence listed above exceeds the statutory maximum for that offense. If the lowest permissible sentence exceeds the statutory maximum for an individual felony offense, the lowest permissible sentence replaces the statutory maximum and must be imposed for that offense. *See State v. Gabriel*, 314 So. 3d 1243 (Fla. 2021). Sentences for multiple felony offenses may be imposed concurrently or consecutively. If total sentence points are greater than or equal to 363, a life sentence may be imposed.

Primary offense:  Attempted robbery with a firearm                        15 years
                              Description                          Maximum sentence in years

Additional offense:  Resisting officer with violence                    8.93 years
                              Description                          Maximum sentence in years

Additional offense:  Aggravated assault with a firearm                 8.93 years
                              Description                          Maximum sentence in years

Additional offense:  _____
                              Description                          Maximum sentence in years


Total maximum sentence in years for all counts above if consecutive sentences imposed:        32.86 years